# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CARDIONET, LLC, and BRAEMAR
MANUFACTURING, LLC,

       Plaintiffs,

v.

INFOBIONIC, INC.,

       Defendant.

Civil Action No. 17-cv-10445-IT

Hon. Indira Talwani

ORAL ARGUMENT REQUESTED

## CARDIONET'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON INFOBIONIC'S SECTION 101 DEFENSE

## **TABLE OF CONTENTS**

**Page**

I.     LEGAL STANDARD ................................................................................................1

II.    FACTS ....................................................................................................................3

     A.     Pre-Appeal Procedural History ............................................................... 3

     B.     The Federal Circuit's Decision on Appeal ............................................... 3

     C.     The Federal Circuit's Denial of InfoBionic's Rehearing Petition .......... 5

     D.     Post-Appeal Procedural History ............................................................... 5

III.    ARGUMENT ..........................................................................................................6

     A.     The Mandate Rule Precludes Further Litigation of Patent Eligibility ... 6

     B.     No Exception to the Mandate Rule Applies ............................................ 7

     C.     InfoBionic's Arguments Lack Merit ....................................................... 8

IV.    CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
No. CV 06-11109-RWZ, 2016 WL 10675906 (D. Mass. Apr. 25, 2016) ...........................2, 7

*Banks v. United States*,
741 F.3d 1268 (Fed. Cir. 2014)...............................................................................1, 2, 6, 9

*Briggs v. Pa. R.R. Co.*,
334 U.S. 304 (1948)...............................................................................................................1

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988)...............................................................................................................1

*City of Joliet v. Mid-City Nat'l Bank of Chicago*,
No. 05 C 6746, 2012 WL 638735 (N.D. Ill. Feb. 22, 2012)..................................................2

*Cooper Tire & Rubber Co. v. Farese*,
248 F. App'x 555 (5th Cir. 2007) ........................................................................................9

*Ellis v. United States*,
313 F.3d 636 (1st Cir. 2002).................................................................................................8

*Engel Indus., Inc. v. Lockformer Co.*,
166 F.3d 1383 (Fed. Cir. 1999)............................................................................................2

*Exp. Dev. Canada v. ESE Elecs. Inc.*,
No. CV1602967BRORAOX, 2017 WL 1838581 (C.D. Cal. May 4, 2017) ..........................3

*Int'l Ladies' Garment Workers' Union v. Donovan*,
733 F.2d 920 (D.C. Cir. 1984) .............................................................................................3

*Jacked Up, L.L.C. v. Sara Lee Corp.*,
807 F. App'x 344 (5th Cir. 2020) ........................................................................................9

*McKenzie v. BellSouth Telecomms., Inc.*,
219 F.3d 508 (6th Cir. 2000) ...............................................................................................9

*Perez-Ruiz v. Crespo-Guillen*,
25 F.3d 40 (1st Cir. 1994)......................................................................................................8

*PlastiPak Packaging, Inc. v. Ice River Springs Water Co.*,
No. 1:19-cv-11193, D.I. 136 (D. Mass. May 8, 2020)..........................................................3

*Retractable Techs., Inc. v. Becton Dickinson & Co.*,
    757 F.3d 1366 (Fed. Cir. 2014)......................................................................2, 7

*In re Sanford Fork & Tool Co.*,
    160 U.S. 247, 255 (1895).................................................................................1

*SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*,
    No. 18-1082, 2020 WL 4464449 (10th Cir. Aug. 4, 2020) ..............................7

*Tomasino v. Estee Lauder Cos., Inc.*,
    No. 13-cv-4692, 2015 WL 4715017 (E.D.N.Y. Aug. 7, 2015) ........................3

*United States v. Rivera-Martinez*,
    931 F.2d 148 (1st Cir. 1991)....................................................................1, 2, 7, 9

*United States v. Webb*,
    98 F.3d 585 (10th Cir. 1996) ..........................................................................7

**Statutes**

35 U.S.C. § 101...............................................................................................3, 5, 8

**Other Authorities**

Fed. R. Civ. P. 12(c) ...........................................................................................3

Fed. R. Civ. P. 12(h)(2)(B) .................................................................................3

Plaintiffs CardioNet, LLC and Braemar Manufacturing, LLC (collectively, "CardioNet") respectfully move for judgment on Defendant InfoBionic, Inc.'s ("InfoBionic") patent eligibility defense.[1]  InfoBionic is precluded from relitigating the eligibility of U.S. Patent No. 7,941,207 ("the '207 patent") in this Court, because the Federal Circuit decided that the '207 patent is eligible as a matter of law under *Alice* step one and expressly rejected remanding the issue for further proceedings.

## I.     LEGAL STANDARD

It is fundamental that "[o]nce a question has been considered and decided by an appellate court, the issue may not be reconsidered at any subsequent stage of the litigation, save on appeal."  *Banks v. United States*, 741 F.3d 1268, 1276 (Fed. Cir. 2014) (citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)); *United States v. Rivera-Martinez*, 931 F.2d 148, 150 (1st Cir. 1991).  The law-of-the-case doctrine and the mandate rule reflect that basic principle.

The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Banks*, 741 F.3d at 1276 (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800 (1988)).  "The mandate rule, encompassed by the broader law-of-the-case doctrine, dictates that an inferior court has no power or authority to deviate from the mandate issued by an appellate court."  *Id.* (quoting *Briggs v. Pa. R.R. Co.*, 334 U.S. 304, 306 (1948)).  Under the mandate rule, parties are precluded from relitigating "all issues within the scope of the appealed judgment"

---

[1] During the October 7, 2020 hearing, the Court instructed the parties to confer and attempt to coordinate the filing of this motion with defendant's summary judgment motion.  Promptly after the hearing, CardioNet reached out to InfoBionic to confer about the appropriate path forward. InfoBionic responded by declining to confer, and instead stated that "[c]onsistent with the Court's instruction that each party may proceed with its respective motion, InfoBionic will prepare to file its motion as expeditiously as possible."  Oct. 7, 2020 email from C. Henry to N. Greenblatt.

unless the appeals court remands the issue.  *See Retractable Techs., Inc. v. Becton Dickinson & Co.*, 757 F.3d 1366, 1371 (Fed. Cir. 2014) ("Unless remanded by this court, all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication.") (quoting *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999)).

These doctrines promote efficiency and prevent "endless litigation."  *Banks*, 741 F.3d at 1276; *Rivera-Martinez*, 931 F.2d at 151.  Courts in this district have applied the mandate rule consistent with those principles, including to foreclose relitigation of patent eligibility.  *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, No. CV 06-11109-RWZ, 2016 WL 10675906, at *2-3 (D. Mass. Apr. 25, 2016) (rejecting party's attempt to raise eligibility issue on remand, where issue was within the scope of appealed judgment and not specifically remanded by the Federal Circuit).

Exceptions to the mandate rule exist, but the "litany of exceptional circumstances…is not only short but narrowly cabined."  *Rivera-Martinez*, 931 F.2d at 151.  A court can depart from an appellate mandate only in three exceptional circumstances:  "(1) subsequent evidence presented at trial was substantially different from the original evidence; (2) controlling authority has since made a contrary and applicable decision of the law; or (3) the decision was clearly erroneous and would work a manifest injustice."  *Banks*, 741 F.3d at 1276 (internal quotations omitted).  "The 'different evidence' exception to the law of the case doctrine does not apply" to issues "explicitly decided, and foreclosed, in an earlier appeal in the same case."  *Rivera-Martinez*, 931 F.2d at 151 (collecting cases).

Granting judgment on the pleadings is proper to enforce the mandate rule.  *See, e.g., City of Joliet v. Mid-City Nat'l Bank of Chicago*, No. 05 C 6746, 2012 WL 638735 at *2, *8 (N.D. Ill.

Feb. 22, 2012) (dismissing affirmative defenses under Fed. R. Civ. P. 12(h)(2) and 12(c), based

on the mandate rule); *Tomasino v. Estee Lauder Cos., Inc.*, No. 13-cv-4692, 2015 WL 4715017,

at *2 (E.D.N.Y. Aug. 7, 2015) (dismissing claims under Fed. R. Civ. P. 12(h)(2) and 12(c), based

on law of the case); *see also* Fed. R. Civ. P. 12(h)(2)(B); Fed. R. Civ. P. 12(c); *Exp. Dev.*

*Canada v. ESE Elecs. Inc.*, No. CV1602967BRORAOX, 2017 WL 1838581, at *2–3 (C.D. Cal.

May 4, 2017) (Rule 12(c) motion can be made at any time).[2]

## II.    FACTS

### A.    Pre-Appeal Procedural History

CardioNet filed its Complaint on March 16, 2017, asserting infringement of the '207

patent.  D.I. 1.  InfoBionic moved to dismiss, arguing that the '207 patent is ineligible under 35

U.S.C. § 101.  D.I. 15; D.I. 36.  The Court granted InfoBionic's motion.  D.I. 55-56.  CardioNet

appealed.  D.I. 57.

### B.    The Federal Circuit's Decision on Appeal

On appeal, the Federal Circuit reversed and remanded for further proceedings on the

remaining issues in the case, other than eligibility.  *See* Greenblatt Decl., Exs. A and B[3].

The Federal Circuit began by analyzing *Alice* step one.  Greenblatt Decl., Ex. A at 12.

After analyzing the patent's claims and written description in light of applicable precedent, the

Court held that "under *Alice* step one [] the asserted claims of the '207 patent are not directed to

an abstract idea[.]"  *Id.* at 18.  Because the Court "conclude[d] under *Alice* step one that the

---

[2] The Court also has inherent authority to enforce the appellate court's mandate, and has authority to strike improper defenses from invalidity contentions as well.  *See Int'l Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920, 922–23 (D.C. Cir. 1984) (inherent authority); *PlastiPak Packaging, Inc. v. Ice River Springs Water Co.*, No. 1:19-cv-11193, D.I. 136 (D. Mass. May 8, 2020) (contentions).

[3] "Ex. __" citations herein refer to exhibits to the Declaration of Nathan Greenblatt (hereinafter "Greenblatt Decl.") filed concurrently herewith.

asserted claims of the '207 patent are not directed to an abstract idea, [it did] not reach *Alice* step two." *Id.*

The Federal Circuit then considered whether remanding the eligibility issue was appropriate, stating that:

> Finally, we turn to a dispute raised in the parties' briefs and oral argument, namely, ***whether we can resolve this Alice step one issue at the Rule 12(b)(6) stage without remanding*** to assess the state of the art as of the invention date to determine whether the asserted claims are directed to automating a practice long used by doctors.

*Id.* at 18-19 (emphasis added).  The Federal Circuit answered this question with a clear yes, and concluded that "***a remand is unnecessary***."  *Id.* at 19 (emphasis added).

The Federal Circuit explained why in five pages of analysis.  Among other things, the Federal Circuit explained that "*Alice* step one presents a legal question that can be answered based on the intrinsic evidence."  *Id.* at 19.  Accordingly, the Federal Circuit held, "[b]ased on its review of the intrinsic record," that "the '207 patent claims are not directed to a patent-ineligible abstract idea" under *Alice* step one, and reversed this Court's contrary finding.  *Id.* at 23 ("Therefore, reversal is appropriate.").

Judge Dyk, concurring in the result, "***agree[d] that no remand is required***" because "[o]n appeal, the defendant does not argue that the case should be remanded to allow the defendant to develop a fuller record."  *Id.* at 25-26 (emphasis added).  Notably, while the panel majority and concurrence disagreed on other issues (*see, e.g.*, *id.* at 22 & concurring op. at 9), all three judges unanimously agreed not to remand the eligibility issue.

Thus, the Federal Circuit expressly, unambiguously, and unanimously rejected remanding the eligibility issue for further proceedings.

4

**C.** **The Federal Circuit's Denial of InfoBionic's Rehearing Petition**

Not satisfied with this result, InfoBionic petitioned for rehearing.  In its petition, InfoBionic "ask[ed] the panel to clarify that its decision, which is based on assuming facts in favor of CardioNet and identifying a lack of record evidence *at the pleading stage*, does not foreclose the district court from revisiting patent-eligibility *at later stages*, after discovery." Greenblatt Decl., Ex. C, (May 18, 2020 Pet.) at 1 (emphasis in original).  The Federal Circuit denied InfoBionic's petition.  Greenblatt Decl., Ex. D (June 4, 2020 Order) at 2.  Thus, the Federal Circuit not only expressly decided that remand was inappropriate, but also rejected InfoBionic's subsequent request to change that decision.

**D.** **Post-Appeal Procedural History**

This Court held a case management conference on August 11, 2020.  InfoBionic asked the Court to "tak[e] evidence on" Section 101 and to permit it to file an early summary judgment motion.  D.I. 71 at 11.  CardioNet opposed, explaining that "InfoBionic is precluded from relitigating the eligibility of the '207 patent in this Court, because the Federal Circuit decided that the '207 patent is eligible as a matter of law and expressly rejected remanding the issue for further proceedings."  *Id.* at 8.  The Court elected not to resolve the dispute at the status conference.  D.I. 83 at 13-14.

After the case management conference, on August 25, 2020, InfoBionic served an amended answer to CardioNet's complaint, asserting an eligibility defense.  D.I. 82 at 8.  Then, InfoBionic served multiple discovery requests on CardioNet directed at the eligibility issue, including interrogatories, requests for production, and requests for admission.  On September 21, 2020, InfoBionic served invalidity contentions that include an eligibility defense.  D.I. 85 at 22. Along with its invalidity contentions, InfoBionic served a 30-page expert declaration along with 600 pages of exhibits opining that the asserted claims of the '207 patent are directed to abstract

5

ideas, contrary to the Federal Circuit's holding that the asserted claims are not directed to abstract ideas. *Id.* at 141.

The Court has set a claim construction hearing for December 17, 2020. D.I. 81 at 3. Fact discovery ends on December 23, 2020. *Id.* Expert discovery must be completed by April 20, 2021, and dispositive motions must be filed by June 1, 2021. *Id.* at 4.

CardioNet now moves for judgment on InfoBionic's eligibility defense.

## III.   ARGUMENT

### A.   The Mandate Rule Precludes Further Litigation of Patent Eligibility

InfoBionic is precluded from relitigating the eligibility of the '207 patent in this Court under a straightforward application of the mandate rule. The Federal Circuit expressly considered whether to remand the eligibility issue to this Court, and decided not to. Greenblatt Decl., Ex. A at 18-19. The Federal Circuit explained, in five pages of analysis, why it was not remanding the eligibility issue. *Id.* at 18-23. The Federal Circuit explained, in particular, that "*Alice* step one presents a legal question that can be answered based on the intrinsic record," without considering prior art, and the Federal Circuit proceeded to conclusively resolve *Alice* step one in CardioNet's favor based on the intrinsic record. *Id.* at 19-20, 22-23. Accordingly, the Federal Circuit reversed this Court's eligibility ruling, and found that the '207 patent is eligible as a matter of law. *Id.* at 23.

The Federal Circuit's decision not to remand the eligibility issue could hardly be clearer. *Id.* at 19 ("We conclude that a remand is unnecessary."); *Id.* at 23 ("Therefore, reversal is appropriate."); *id.* at 25-26 ("I agree that no remand is required") (Dyk, J., concurring). The mandate rule plainly applies in these circumstances, where the Federal Circuit conclusively resolved the issue of patent eligibility as a matter of law, and expressly stated that the issue was not being remanded. *Banks*, 741 F.3d at 1276 ("Once a question has been considered and

decided by an appellate court, the issue may not be reconsidered at any subsequent stage of the litigation, save on appeal."); *Retractable*, 757 F.3d at 1371; *Rivera-Martinez*, 931 F.2d at 151. Thus, the Court should reject InfoBionic's attempt to further litigate the eligibility issue in this case, in direct violation of the Federal Circuit's mandate. *See Akamai*, 2016 WL 10675906, at *3 (D. Mass. Apr. 25, 2016) (rejecting attempt to raise eligibility issue on remand, based on mandate rule).

As explained above, InfoBionic itself recognized that the Federal Circuit did not remand the eligibility issue. InfoBionic therefore filed a petition for rehearing, expressly asking the Federal Circuit to do so. Greenblatt Decl., Ex. C (May 18, 2020 Pet.) at 1 (requesting "clarification" that Federal Circuit's decision "does not foreclose the district court from revisiting patent-eligibility *at later stages*, after discovery) (emphasis in original). The Federal Circuit denied InfoBionic's petition. Greenblatt Decl., Ex. D (June 4, 2020 Order) at 2. That denial further confirms the fact—which is already inescapable based on the original opinion alone—that the Federal Circuit did not remand the eligibility issue. *See SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 18-1082, 2020 WL 4464449, at *7 (10th Cir. Aug. 4, 2020) (finding denial of a rehearing petition "bolsters our conclusion that [the prior appellate decision] barred reconsideration of this issue by the district court."); *United States v. Webb*, 98 F.3d 585, 588 (10th Cir. 1996) (concluding mandate rule applied because, although the first opinion did not specifically address an argument, the appellate panel had denied a petition for rehearing explicitly advancing the same argument).

### B.     No Exception to the Mandate Rule Applies

No exception to the mandate rule applies here. First, "[t]he 'different evidence' exception to the law of the case doctrine does not apply" to issues "explicitly decided, and foreclosed, in an earlier appeal in the same case." *Rivera-Martinez*, 931 F.2d at 151. That is the

situation here.  The Federal Circuit explicitly decided and foreclosed the eligibility issue, and further proceedings on eligibility would contravene the Federal Circuit's unambiguous decision not to remand the issue.  Greenblatt Decl., Ex. A at 18-19, 23.   Second, there has been no controlling change in the law.   Third, InfoBionic cannot show that the Federal Circuit's decision is clearly erroneous and would work a manifest injustice.  Raising doubts about the correctness of the Federal Circuit's ruling cannot establish clear error.  *Ellis v. United States*, 313 F.3d 636, 648 (1st Cir. 2002) (stating that "neither doubt about the correctness of a predecessor judge's rulings nor a belief that the litigant may be able to make a more convincing argument the second time around will suffice to justify reconsideration.").

Not surprisingly, in the parties' prior briefing on this issue InfoBionic did not contend that any exception to the mandate rule applies.  *See* D.I. 71 at 11-13.

### C.   InfoBionic's Arguments Lack Merit

Instead of establishing that an exception applies here, InfoBionic relied on two entirely specious grounds for disregarding the Federal Circuit's mandate.  First, InfoBionic cited and mischaracterized snippets from oral argument at the Federal Circuit.  *See* D.I. 71 at 11-12.  In any case, InfoBionic cited no authority for its false proposition that snippets from oral argument can override a court's reasoned decision issued after that oral argument.  Second, InfoBionic relied upon *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994) for the proposition that "interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case."  D.I. 71 at 13.  This principle is wholly inapplicable here, because it does not address non-interlocutory orders (i.e., the Court's dismissal of the case under § 101), and it does not address reconsideration after an appellate decision.  In a nutshell, InfoBionic is grasping at straws.  Nothing InfoBionic says can change the clear import of the Federal Circuit's mandate.

InfoBionic may also argue that the mandate rule does not apply due to the procedural posture of the appeal.  InfoBionic may, for instance, point to cases stating that an appellate court's "holding on a motion to dismiss does not establish the law of the case for purposes of summary judgment, when the complaint has been supplemented by discovery." *McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 513 (6th Cir. 2000).  But that is true only when the appellate court remands the issue.  *See id.* (noting that retaliation claim had been remanded for discovery to "develop the factual allegations of the complaint").  When the appellate court instead explicitly decides the issue on appeal and does not remand it, the district court cannot revisit the issue, whether on summary judgment or otherwise.  *See Rivera-Martinez*, 931 F.2d at 151 (district court cannot revisit issues "explicitly decided, and foreclosed, in an earlier appeal in the same case."); *Banks*, 741 F.3d at 1276 (Fed. Cir. 2014); *see also Cooper Tire & Rubber Co. v. Farese*, 248 F. App'x 555, 558 (5th Cir. 2007) ("Subject to a few narrow exceptions, the law of the case controls legal claims which were fully litigated and decided in the first appeal, even if parties seek to introduce new legal or factual evidence on remand.").  In other words, nothing about the procedural posture of a case alters the basic principle that the district court must faithfully follow the appellate court's determination about which issues to remand.  *See Jacked Up, L.L.C. v. Sara Lee Corp.*, 807 F. App'x 344, 349 (5th Cir. 2020) ("The mandate rule requires a district court on remand to effect our mandate and to do nothing else.") (internal citation omitted).  Here the Federal Circuit expressly, unambiguously, and unanimously *did not* remand the eligibility issue.  InfoBionic cannot change that fact by relying on cases where appellate courts *did* remand issues.

In sum, the Court should reject InfoBionic's attempt to relitigate the eligibility issue in this Court in violation of the Federal Circuit's mandate.

## IV.    CONCLUSION

For the above reasons, the Court should grant judgment on InfoBionic's eligibility

defense.

Dated: October 8, 2020

By: /s/ *Ching-Lee Fukuda*
Bradford J. Badke (*pro hac vice*)
Ching-Lee Fukuda (*pro hac vice*)
Todd M. Simpson (*pro hac vice*)
Sharon Lee (*pro hac vice*)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839 5300

Jack W. Pirozzolo (BBO # 564879)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
(617) 223 0300

Nathan A. Greenblatt (*pro hac vice*)
SIDLEY AUSTIN LLP
1001 Page Mill Road, Bldg. 1
Palo Alto, CA 94304
(650) 565 7000

Andrew Langford (*pro hac vice*)
SIDLEY AUSTIN LLP
2021 McKinney Ave. Suite 2000
Dallas, TX 75201
(214) 981 3300

*Counsel for Plaintiffs*

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that counsel for CardioNet conferred with counsel for InfoBionic in a good faith attempt to resolve or narrow the issues presented in this motion, but the parties were unable to reach agreement on the issues presented.

/s/ *Ching-Lee Fukuda*
Ching-Lee Fukuda

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party via the Court's CM/ECF filing system.

/s/ *Ching-Lee Fukuda*
Ching-Lee Fukuda

11