**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CARDIONET, LLC, and BRAEMAR MANUFACTURING, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>INFOBIONIC, INC.,<br><br>　　　　　Defendant. | Civil Action No. 17-cv-10445-IT<br><br>Hon. Indira Talwani |

**JOINT STATEMENT REGARDING PROPOSED SCHEDULE**

Pursuant to the Court's Order at the April 30, 2021 Status Conference (D.I. 204), Plaintiffs CardioNet, LLC and Braemar Manufacturing, LLC (collectively, "CardioNet") and Defendant InfoBionic, Inc. ("InfoBionic") respectfully submit this Joint Statement with their respective positions on a proposed schedule to address a renewed motion by InfoBionic for summary judgment under 35 U.S.C. § 101.

## I.   BACKGROUND

The Court issued an Order on April 12, 2021 that (1) ordered the parties to complete fact discovery by April 29, 2021, "with the exception of any discovery that may arise from resolution of the pending Motions to Compel [179], [181]"; (2) stayed all expert and dispositive motion deadlines; and (3) set a status conference for April 30, 2021.  D.I. 193.  Prior to the April 30 status conference, the Court issued a claim construction order.  D.I. 202.  The Court also denied InfoBionic's Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 101 without prejudice and denied CardioNet's Motion for Judgment on the Pleadings as to InfoBionic's § 101 defense.  D.I. 203.

At the April 30th Status Conference, the Court directed the parties to confer and submit a joint statement identifying any pending motions that need to be resolved, and any discovery that needs to be taken, before InfoBionic files a renewed motion for summary judgment under § 101, with a proposed schedule for discovery and briefing.

## II.   DISCOVERY TO BE TAKEN AND PENDING MOTIONS TO BE RESOLVED

### A.   Fact Depositions Needed

**CardioNet's position:**  The following fact depositions are likely to address subject matter that is relevant to InfoBionic's § 101 defense and should occur before the filing of InfoBionic's renewed motion for summary judgment under § 101:

1

- **Deposition of Dr. Lev Korzinov.**  Dr. Korzinov is the named inventor of the asserted '207 patent.  He also developed InfoBionic's accused atrial fibrillation detection algorithm at VentriLink, and he developed an alleged prior art device.  Dr. Korzinov is likely to provide testimony that is relevant to InfoBionic's § 101 defense, including regarding the state of the art.

- **Deposition of VentriLink on Topic No. 9**.  CardioNet's deposition Topic No. 9 to VentriLink seeks testimony regarding the importance of accuracy and positive predictivity in detecting atrial fibrillation and/or atrial flutter, which may provide information relevant to whether the asserted '207 patent claims are directed to an improved cardiac monitoring device or to automating diagnostic techniques used by physicians.

- **Deposition of InfoBionic on Topic Nos. 90 and 91**.  CardioNet's deposition Topic No. 90 to InfoBionic seeks information regarding the identification and details of alleged prior art, which includes alleged prior art InfoBionic is relying upon for its § 101 defense.  CardioNet's deposition Topic No. 91 to InfoBionic seeks the factual bases for InfoBionic's affirmative defenses, and therefore Topic No. 91 should be covered as it relates to InfoBionic's § 101 defense, with the remainder of the Topic to be covered in a future deposition should the Court deny InfoBionic's summary judgment motion.

Because the depositions of Dr. Korzinov, VentriLink, and InfoBionic are relevant to other issues in this case (*e.g.*, infringement, willfulness, validity, and damages), they will need to be deposed again at a later date on these issues should InfoBionic's renewed motion for summary judgment under § 101 be denied.  InfoBionic's proposal that Dr. Korzinov, and VentriLink and InfoBionic's designees, testify on all applicable issues now and not be produced again later should be rejected.[1]  Aside from being undisputedly unnecessary for purposes of resolving the § 101 motion, InfoBionic's proposal could result in a substantial passage of time

---

[1] In its position below, InfoBionic asserts that the parties previously agreed that all depositions which depend upon resolution of pending motions to compel should be deferred until those motions are fully resolved.  While CardioNet previously proposed that all motions to compel be resolved and all fact discovery be completed with the case moving forward on all issues, the Court has since instructed, and InfoBionic advocated for, the parties to move forward only on § 101 issues.  Accordingly, CardioNet now proposes that § 101-related issues in its motion to compel should be resolved, followed by depositions limited to § 101 issues, while non-§ 101 issues in motions to compel would be later resolved as necessary before depositions on non-§ 101 issues.

2

with no opportunity to depose the witnesses about that intervening period in the event InfoBionic's renewed summary judgment motion is unsuccessful. In addition, as further explained below in Section II.B, InfoBionic's proposal that these depositions should proceed on all issues now would require resolution of the entirety of CardioNet's pending Motion to Compel [181] prior to those depositions.

InfoBionic stated to the Court at the April 30 Status Conference that "[w]e don't believe that there's any further fact discovery that's necessary." April 30 Tr. at 6:10-19. InfoBionic now asserts that a deposition of third party Welch Allyn is potentially necessary—a deposition that was not completed by the Court's April 29, 2021 fact discovery deadline (D.I. 193). InfoBionic provided CardioNet with a declaration from Welch Allyn in the late afternoon on Monday, May 3, 2021 and indicated that InfoBionic intends to continue foregoing a deposition of Welch Allyn if CardioNet would stipulate to the "admissibility" of hundreds of pages of documents attached to the declaration. CardioNet is still evaluating InfoBionic's request and expects to respond next week. CardioNet was not notified that InfoBionic felt its request had any bearing on the schedule for § 101 issues until the night before this filing was due.

**InfoBionic's Position:** Dr. Korzinov, who is a third-party witness at VentriLink, and VentriLink object to Dr. Korzinov potentially being subject to multiple depositions in this case. InfoBionic and third-party VentriLink also object to having their corporate designees subject to multiple depositions in this case. CardioNet should depose Dr. Korzinov on all subject matter on which it wishes to depose him at a single deposition. CardioNet already deposed Dr. Korzinov in the earlier case and cited his deposition testimony that relates to the subject matter of the '207 patent as the reason for asserting that patent in this case. *See CardioNet, LLC v. InfoBionic, Inc.*, No. 1:15-cv-11803, D.I. 275 at 3 (D. Mass. Mar. 3, 2017) ("Plaintiffs assert that they first

3

learned about the alleged infringement [of the '207 patent] in late October 2016 during the deposition of Dr. Lev Korzinov"). Similarly, CardioNet should depose VentriLink's designee on Topic No. 9 on all subject matter on which CardioNet wishes to depose that designee. Likewise, CardioNet should depose InfoBionic's designee on Topic Nos. 90 and 91 on all subject matter on which CardioNet wishes to depose that designee. VentriLink and InfoBionic agree that they will respectively identify all topics on which their designee(s) will be designated.

Although the parties previously agreed to defer "any depositions that depend on the results of motions to compel" until after "the results of the motion to compel" were known to avoid deposing the same witnesses multiple times, CardioNet proposes to depose the same witnesses multiple times now that only InfoBionic and VentriLink witnesses are at issue. D.I. 178 at 2. To the extent that the Court decides to permit CardioNet to depose those same witnesses more than once, InfoBionic requests that the Court limit the upcoming depositions to § 101-related issues only and limit CardioNet to a total of seven hours per witness. Fed. R. Civ. P. 30(d)(1).

InfoBionic contends that the following deposition is likely to address subject matter that is relevant to InfoBionic's § 101 defense and should occur before the filing of InfoBionic's renewed motion for summary judgment under § 101, if CardioNet ultimately will not agree that the declaration will suffice to admit third-party documentation:

- **Deposition of Welch Allyn, Inc.** The '207 patent discloses that "[v]arious systems and techniques for identifying ventricular beats can be used," including, "[f]or example, the Mortara VERITAS Analysis Algorithm, available from Mortara Instrument, Inc.," and that a "[v]entricular beat detector 810 can be housed together with a QRS detector 805," such as in the "ELI 250™ Electrocardiograph available from Mortara Instrument, Inc." '207 patent 9:22-32. Both parties subpoenaed Welch Allyn, Inc. ("Welch Allyn") for documents and a deposition because Welch Allyn's parent company, Hill-Rom Holdings Inc., acquired Mortara Instruments, Inc. in 2017. On February 3, 2021, Welch Allyn produced responsive documents, and on April 30, 2021, Welch Allyn served a declaration attesting to, among other things, the authenticity of certain documents it

produced. InfoBionic was willing to accept Welch Allyn's declaration in lieu of a deposition, in order to reduce the burden imposed on Welch Allyn by the parties' subpoenas. CardioNet, however, has yet to advise whether it will stipulate to the admissibility of the exhibits attached to Welch Allyn's April 30, 2021 declaration, even though Welch Allyn wrote its declaration because CardioNet advised Welch Allyn in late March that it may be amenable to this approach to avoid burdening Welch Allyn with a deposition. If CardioNet will not stipulate to the admissibility of the exhibits based on the declaration, the parties will have to proceed with this third-party deposition.

B.   **Pending Motion to Compel Issues Needing Resolution**

The parties disagree over whether any part of CardioNet's Motion to Compel [181] needs to be addressed prior to InfoBionic filing a renewed motion for summary judgment under § 101. The parties agree that the Court need not resolve any other pending motion, including InfoBionic's Motion to Compel [179], to address InfoBionic's § 101 defense.

**CardioNet's position:** Portions of CardioNet's Motion to Compel [181] seek emails from Dr. Korzinov and VentriLink that are relevant to their depositions and § 101 issues, and thus at least this aspect of CardioNet's motion should be resolved, and any resulting production order complied with, before the above-listed depositions occur. D.I. 183 at 2-7. Specifically, CardioNet seeks to compel email production from VentriLink and Dr. Korzinov under Request for Production No. 9 to both parties, which seeks documents related to the importance of accuracy and positive predictivity in detecting atrial fibrillation and/or flutter. D.I. 183 at 5. As noted, this request may provide information relevant to whether the asserted '207 patent claims are directed to an improved cardiac monitoring device or to automating diagnostic techniques used by physicians. This request parallels deposition Topic No. 9 to VentriLink. These document productions should be completed before depositions occur.

In addition, if the Court agrees with InfoBionic (*see* Section II.A, above) that the depositions of Dr. Korzinov, VentriLink, and InfoBionic should not be limited to § 101 issues, then it would be necessary to resolve the entirety of CardioNet's Motion to Compel before those

5

depositions occur so that relevant document productions are completed prior to those depositions, and so that any Rule 30(b)(6) designee is properly designated for the full scope of applicable topics. In particular, CardioNet's motion seeks emails from VentriLink and Dr. Korzinov under various other requests for production. D.I. 183 at 2-7. It also seeks documents and things for testing the accused products and materials related to source code review. (D.I. 183 at 7-18), and Rule 30(b)(6) testimony from InfoBionic on Topic Nos. 76-77 (D.I. 183 at 18-20).

**InfoBionic's position:** InfoBionic opposes CardioNet's unjustifiable demand for more third party emails because, among other things, VentriLink and Dr. Korzinov already produced emails from before December 2016, which are the only potentially relevant emails. *See* D.I. 188 at 1, 10-13 (InfoBionic's opposition to CardioNet's motion to compel). And the other components of CardioNet's motion to compel likewise should be denied for reasons InfoBionic explained in its opposition. *See id.* at 1, 13-20.

### C.   Expert Discovery Needed

After the above document productions and/or fact depositions are completed, the parties agree that they should complete expert discovery, including depositions, on § 101 issues prior to briefing the renewed motion, consistent with the Court's guidance at the April 30, 2021 Status Conference. The parties anticipate this will entail opening expert declaration(s) on behalf of InfoBionic, rebuttal expert declaration(s) on behalf of CardioNet, and depositions of the experts.

### III.  PROPOSED SCHEDULE

The parties propose the following schedule to address the above discovery and to brief InfoBionic's renewed motion for summary judgment under § 101:

| Event | Deadline |
|---|---|
| Resolution of CardioNet's motion to compel [181] | At the Court's convenience |

|  |  |
|---|---|
| Any required document productions pursuant to the Court's order on CardioNet's motion to compel [181] | 21 days after the Court's order on CardioNet's motion to compel [181] |
| Depositions[2] of:<br>1. Dr. Korzinov<br>2. VentriLink on CardioNet's Topic No. 9<br>3. InfoBionic on CardioNet's Topic No. 90<br>4. InfoBionic on CardioNet's Topic No. 91<br>5. Welch Allyn, Inc. | No later than 30 days after completing production of documents and things to the extent required by order resolving CardioNet's motion to compel |
| InfoBionic's opening expert report(s) on § 101 defense | 30 days after completion of above depositions |
| CardioNet's rebuttal report(s) on § 101 defense | 30 days after opening report |
| Expert discovery on § 101 issues complete | 30 days after rebuttal report |

---

[2] As discussed above in Section II.A, CardioNet proposes that upcoming depositions of Dr. Korzinov, VentriLink, and InfoBionic, be limited to § 101 issues, with each to be deposed on non-§ 101 issues later in the event the Court denies InfoBionic's summary judgment motion, and InfoBionic, VentriLink, and Dr. Korzinov object to witnesses potentially being subject to multiple depositions.

**InfoBionic's position:**  If the Court agrees with CardioNet that upcoming depositions will be limited to § 101 issues, InfoBionic respectfully requests that the Court also order that CardioNet is permitted only a combined 7 hours of deposition time for any particular witness for both the deposition on § 101 issues and any subsequent deposition on other issues in this case.

**CardioNet's position:**  If the Court agrees with InfoBionic that the upcoming depositions of Dr. Korzinov, VentriLink, and InfoBionic should not be limited to § 101 issues, the entirety of CardioNet's Motion to Compel [181] should be resolved prior to those depositions, as explained above.  *See* Section II.B.  If the Court limits the depositions of Dr. Korzinov, VentriLink, and InfoBionic to § 101 issues now, InfoBionic's proposal to limit deposition time for any witnesses later called back to testify about other issues should be rejected.  At this stage, CardioNet cannot know which of InfoBionic's and VentriLink's witnesses (including potentially Dr. Korzinov) will later be designated for deposition topics outside § 101 issues, and InfoBionic's proposal would have CardioNet shooting in the dark about how to use its deposition time.  Even if InfoBionic and VentriLink provided proposed designations now, there is no guarantee those designations would still be applicable when later depositions are scheduled.  InfoBionic's proposal invites gamesmanship with deposition designations.  And InfoBionic is the party advocating for staying all issues other than § 101 proceedings at this time.  It should not be allowed to use that to tactically prejudice CardioNet's ability to pursue discovery on every other issue in the case.

7

| | |
|---|---|
| InfoBionic's renewed motion for summary judgment under § 101 | 21 days after completion of expert discovery on § 101 issues |
| CardioNet's opposition brief | 21 days after service of opening brief |
| InfoBionic's reply brief | 14 days after service of opposition brief |
| Oral argument on InfoBionic's renewed motion for summary judgment under § 101 | At the Court's convenience |

In view of the Court's guidance at the April 30th Status Conference, the parties understand that all other fact and expert discovery is stayed, and all other fact discovery, expert discovery, and dispositive motion deadlines will be vacated pending resolution of InfoBionic's renewed motion for summary judgment under § 101. The parties also understand that issues raised in their respective motions to compel that the Court elects not to resolve at this time will remain pending for decision as needed after resolution of InfoBionic's renewed motion for summary judgment under § 101.

Respectfully submitted,

Dated: May 7, 2021

By: /s/ *Charles H. Sanders*
    Charles H. Sanders (BBO #646740)
    Christopher W. Henry (BBO #676033)
    LATHAM & WATKINS LLP
    John Hancock Tower, 27th Floor
    200 Clarendon Street
    Boston, MA 02116
    Telephone: (617) 948-6000
    Facsimile: (617) 948-6001
    charles.sanders@lw.com
    christopher.henry@lw.com

    Maximilian A. Grant (*pro hac vice*)
    Gabriel K. Bell (*pro hac vice*)
    Diane E. Ghrist (*pro hac vice*)
    LATHAM & WATKINS LLP
    555 Eleventh Street, N.W., Ste. 1000
    Washington, DC 20004

By: /s/ *Bradford J. Badke*
    Bradford J. Badke (*pro hac vice*)
    Ching-Lee Fukuda (*pro hac vice*)
    Sharon Lee (*pro hac vice*)
    Todd M. Simpson (*pro hac vice*)
    SIDLEY AUSTIN LLP
    787 Seventh Avenue
    New York, NY 10019
    +1 212 839 5300

    Jack Pirozzolo
    SIDLEY AUSTIN LLP
    60 State Street, 36th Floor
    Boston, MA 02109
    +1 617 223 0300

    Nathan Greenblatt (*pro hac vice*)

<div style="display: flex;">

Telephone: (202) 637-2200
Facsimile: (202) 637-2201
max.grant@lw.com
gabriel.bell@lw.com
diane.ghrist@lw.com

*Counsel for Defendant InfoBionic, Inc.*

SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
+1 650 565 7000

Andrew Langford (*pro hac vice*)
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
+1 214 981 3300

*Attorneys for Plaintiffs*

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party via the Court's CM/ECF filing system.

<div style="text-align: right;">

/s/ *Bradford J. Badke*
Bradford J. Badke

</div>