UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CARDIONET, LLC, and BRAEMAR MANUFACTURING, LLC, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:17-cv-10445-IT |
| INFOBIONIC, INC., | * * | |
| Defendant. | * | |

MEMORANDUM & ORDER

July 6, 2021

TALWANI, D.J.

Pending before the court is Plaintiffs CardioNet, LLC, and Braemar Manufacturing, LLC's (collectively, "CardioNet") Motion to Compel [#181]. In accordance with the parties' Joint Statement Regarding Proposed Schedule [#213] and the court's Electronic Order [#227], the court addresses CardioNet's motion only as to Request No. 9 contained in CardioNet's October 27, 2020 subpoenas to third-parties VentriLink Corp. ("VentriLink") and Dr. Lev Korzinov.[1]

I.   **Standard of Review**

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The court has "broad discretion to manage discovery matters,"

---

[1] Other issues raised in the Motion [#181] and in InfoBionic's Motion to Compel [#179] will remain pending for decision as needed after resolution of InfoBionic's renewed motion for summary judgment under 35 U.S.C. § 101.

Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003), and must "limit discovery if it determines that the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the projected discovery in resolving the issues." In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig., No. 13-cv-02419, 2014 WL 12814933, at *2 (D. Mass. Feb. 7, 2014); see also Fed. R. Civ. P. 26(b)(2)(C).

Third-party subpoenas are governed by Federal Rule of Civil Procedure 45. The rule provides that "[o]n a timely motion, the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." See Fed. R. Civ. P. 45(c)(3). "When determining whether a subpoena duces tecum results in an undue burden on a party such factors as 'the relevance of the documents sought, the necessity of the documents sought, the breadth of the request . . . expense and inconvenience' can be considered." Behrend v. Comcast Corp., 248 F.R.D. 84, 86 (D. Mass. 2008) (citing Demers v. LaMontagne, No. 98–10762–REK, 1999 WL 1627978, at *2 (D. Mass. May 5, 1999)).

**II.   Discussion**

CardioNet's subpoena of VentriLink contains eighteen requests for production of documents and things, and the subpoena of Dr. Korzinov contains seventeen such requests. VentrLink Subpoena [#184-2]; Korzinov Subpoena [#184-3]. In both subpoenas, Request No. 9 reads as follows:

> All documents and things describing the importance of the accuracy and positive predictivity in detecting atrial fibrillation and/or atrial flutter in cardiac monitors, including the MoMe System.

VentrLink Subpoena 8 [#184-2]; Korzinov Subpoena 8 [#184-3]. CardioNet's Motion to Compel [#181] seeks to compel:

> (1) Third Parties VentriLink Corp. ("VentriLink") and Dr. Lev Korzinov to produce emails dated after December 9, 2016, that are responsive to CardioNet's subpoenas, as well as emails from additional custodian(s) at VentriLink;
>
> (2) InfoBionic and VentriLink to produce documents and things for testing the accused product;
>
> (3) InfoBionic to produce spreadsheets of data CardioNet's consultant recorded while reviewing InfoBionic source code; and
>
> (4) InfoBionic to produce a witness on the full scope of CardioNet's Rule 30(b)(6) Topic Nos. 76-77.

Mot. to Compel [#181]. Only the first of these items—emails dated after December 9, 2016, that are responsive to Request No. 9—appears to be at issue at this juncture. Joint Statement 5 [#213] ("Specifically, CardioNet seeks to compel email production from VentriLink and Dr. Korzinov under Request for Production No. 9 to both parties, which seeks documents related to the importance of accuracy and positive predictivity in detecting atrial fibrillation and/or flutter").

In its Opposition [#188], InfoBionic argues that the accused product "had been designed, developed, FDA approved, and was on sale prior to December 9, 2016," and that any emails dated after December 9, 2016, are therefore of questionable relevance. Opp. 10-11 [#188]. InfoBionic also argues that the additional "discovery is not 'proportional to the needs of this case' and 'the burden and expense of' such email production 'outweighs its likely benefit.'" Id. at 10 (quoting Fed. R. Civ. P. 26(b)(1)).

CardioNet counters that there is no basis for InfoBionic's limitation of the search for responsive emails to those earlier than December 9, 2016. Pls' Mem. 6 [#183]. CardioNet argues

3

that post-December 9, 2016 emails are relevant to whether the asserted patent claims "are directed to an improved cardiac monitoring device or to automating diagnostic techniques used by physicians." Joint Statement 5 [#213]. CardioNet further claims that the request is not unduly burdensome or disproportionate where removing the date limitation adds only 1,500 responsive documents. Pls' Mem. 8 [#183].

The circumstances of this case are somewhat unusual. Rather than develop the accused product in-house, InfoBionic contracted development of the product to third parties VentriLink and VentriLink employee, Dr. Korzinov. See Pls' Mem. 5 [#183]. At a status conference on January 13, 2021, the court discussed these circumstances with the parties and noted that the fact that only VentriLink and Dr. Korzinov know how the accused product works might justify obtaining certain documents from them rather than from InfoBionic, which lacks such knowledge about the product. Transcript 33 [#158]. However, the court cautioned that it was atypical to have "enormous email requests" from third parties and that any such request would have to be well-tailored to the needs of the case. Id. at 31-32.

Because VentriLink and Dr. Korzinov developed the accused product, contemporaneous emails that concern its development are directly relevant and outweigh the burden of production on a third party. But after the product had been placed on the market, post-hoc statements made by VentriLink and Korzinov are of limited relevance to the case and a request for such emails is unduly burdensome. See Fed. R. Civ. P. 45. By analogy, had Korzinov been employed by InfoBionic when the product was developed and had left the company after the product went to market, a subpoena to his new employer to capture any statements that Dr. Korzinov made about the product after his employment with InfoBionic had ended would be unduly burdensome.

Accordingly, the post-December 9, 2016 emails are not appropriate subjects for a Rule 45 subpoena.

### III.     Conclusion

For the foregoing reasons, CardioNet's <u>Motion to Compel</u> [#181] as to Request No. 9 is DENIED.

IT IS SO ORDERED.

July 6, 2021                                      /s/ Indira Talwani
                                                  United States District Judge